# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | : | Mag. No.  22-6021 (DEA) |
| | : | |
| MICHAEL LARBI | : | |

I, Scott Friedenreich, the undersigned complainant being duly sworn, state that the following is true and correct to the best of my knowledge and belief.

SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached page and made a part hereof.

> s/ *Scott Friedenreich*
> Special Agent Scott Friedenreich
> Federal Bureau of Investigation

Attested to me by telephone pursuant to FRCP 4.1(b)(2)(A),
April 5, 2022, in the District of New Jersey

HONORABLE DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE

_____
Signature of Judicial Officer

## ATTACHMENT A

### Count One
### (Transportation of Stolen Goods in Interstate Commerce)

On or about October 28, 2020, in Burlington County, in the District of New Jersey and elsewhere, the defendant,

MICHAEL LARBI,

did knowingly and willfully transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, and money, of the value of $5,000 or more, knowing the same to have been stolen and converted.

In violation of Title 18, United States Code, Section 2314.

## COUNT TWO
**(Transportation of Stolen Goods in Interstate Commerce)**

On or about November 2, 2020, in Burlington County, in the District of New Jersey and elsewhere, the defendant,

MICHAEL LARBI,

did knowingly and willfully transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, and money, of the value of $5,000 or more, knowing the same to have been stolen and converted.

In violation of Title 18, United States Code, Section 2314.

## COUNT THREE
### (Transportation of Stolen Goods in Interstate Commerce)

On or about November 5, 2020, in Camden County, in the District of New Jersey and elsewhere, the defendant,

MICHAEL LARBI,

did knowingly and willfully transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, and money, of the value of $5,000 or more, knowing the same to have been stolen and converted.

In violation of Title 18, United States Code, Section 2314.

## COUNT FOUR
**(Transportation of Stolen Goods in Interstate Commerce)**

On or about January 11, 2021, in Camden County, in the District of New Jersey and elsewhere, the defendant,

MICHAEL LARBI,

did knowingly and willfully transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, and money, of the value of $5,000 or more, knowing the same to have been stolen and converted.

In violation of Title 18, United States Code, Section 2314.

## COUNT FIVE
**(Transportation of Stolen Goods in Interstate Commerce)**

On or about February 6, 2021, in Passaic County, in the District of New Jersey and elsewhere, defendant,

MICHAEL LARBI,

did knowingly and willfully transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, and money, of the value of $5,000 or more, knowing the same to have been stolen and converted.

In violation of Title 18, United States Code, Section 2314.

## ATTACHMENT B

I, Scott Friedenreich, am a Special Agent with the Federal Bureau of Investigation.  I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence.  Where statements of others are related herein, they are related in substance and part.  Because this affidavit is being submitted for a limited purpose, I have not set forth each and every fact that I know or other law enforcement officers know concerning this investigation.  I have set forth only those facts that I believe are sufficient to show probable cause exists to believe that the defendant has committed the offenses set forth in Attachment A.  Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

### Background

1.  Federal, state, and local authorities are investigating a string of jewelry store thefts that occurred between March 11, 2020 and February 6, 2021 in multiple states, including New Jersey, Pennsylvania, Maryland, Delaware, and elsewhere, which resulted in hundreds of thousands of dollars in stolen jewelry.  The investigation identified defendant MICHAEL LARBI as the perpetrator of the thefts.

2.  Unless otherwise noted, each of the thefts described below followed the same general *modus operandi*.  In each, defendant LARBI entered a jewelry store and asked to view jewelry.  LARBI then ran out of the store with the jewelry in his possession, and/or snatched jewelry from the display case, and then fled the store without paying for it.  In several instances, LARBI fled the area in a black BMW.  Following the thefts described herein, LARBI then traveled across state lines in possession of the stolen jewelry.

### The Thefts

3.  On October 28, 2020, a black male—later identified as defendant LARBI—entered Jewelry Store 1 in Marlton, New Jersey, and asked to look at engagement rings.  LARBI then took two rings that were left on a counter and took a ring from the store employee's hand and ran out of the store without paying for the rings.  LARBI entered a black BMW sedan with tinted windows and fled.  The value of the three stolen rings was approximately $77,420.  Law enforcement later identified LARBI as the perpetrator using security camera footage from Jewelry Store 1.  The investigation also revealed that on October 28, 2020, LARBI's cellular telephone was located in close proximity to Jewelry Store 1 around the time of the theft, and that it traveled shortly thereafter from the State of New Jersey to Philadelphia, Pennsylvania.

4. On November 2, 2020, at approximately 2:22 p.m., defendant LARBI entered Jewelry Store 2 in Hainesport, New Jersey and asked to look at engagement rings. LARBI took one ring in his hands, grabbed another ring from the display case, and then ran out of the store without making payment. The value of the stolen rings was approximately $12,800. Jewelry Store 2's security camera footage revealed that the individual has the same stature and demeanor as LARBI. Additionally, shortly before the theft, LARBI's cellular telephone was located in close proximity to the jewelry store and then traveled into Delaware later that day.

5. On November 5, 2020, at approximately 3:39 p.m., defendant LARBI entered Jewelry Store 3 in Haddon Heights, New Jersey. After asking to see jewelry, LARBI forcibly took a box containing diamonds valued at approximately $97,829.00 from the store employee's hands. LARBI left the store, entered a dark-colored vehicle with the box of diamonds, and fled. Jewelry Store 3's security camera footage revealed that the individual has the same stature and demeanor as LARBI. LARBI's cellular telephone was in Philadelphia, Pennsylvania later that day.

6. On December 10, 2020, at approximately 12:00 p.m., defendant LARBI entered Jewelry Store 4 in Prince Frederick, Maryland and asked to see two diamond rings, valued at approximately $18,990. LARBI then grabbed the rings and fled the store without making payment. LARBI entered a black BMW registered in his name. Shortly after the theft, LARBI's cellular telephone was located in close proximity to the jewelry store, and traveled across state lines and was present in Delaware the following day. Additionally, before fleeing the jewelry store, LARBI drank from and then discarded a plastic water bottle into a restroom trashcan. Law enforcement recovered the water bottle, and DNA analysis confirmed that LARBI's DNA was on the mouth of the water bottle.

7. On January 11, 2021, at approximately 6:25 p.m., defendant LARBI stole two rings valued at approximately $8,500.00, from Jewelry Store 5 in Blackwood, New Jersey. Shortly before the theft, LARBI's cellular telephone was located in close proximity to the jewelry store, and thereafter traveled across state lines into Delaware later on January 11, 2021, and also was present in Philadelphia, Pennsylvania the following day.

8. On February 6, 2021, at approximately 5:29 p.m., defendant LARBI entered Jewelry Store 6 in Clifton, New Jersey, and asked to look at solitaire rings valued at approximately $15,600. LARBI grabbed both rings and ran out of the store without making payment. Jewelry Store 6's security camera footage revealed that the individual has the same stature and demeanor as LARBI. Shortly before the theft, LARBI's cellular telephone was located in close proximity to Jewelry Store 6 and thereafter traveled across state lines and was present in Bronx, New York just after midnight on February 7, 2021.

9.  On February 10, 2021, defendant LARBI was located and arrested at a hotel in Dover, Delaware pursuant to an arrest warrant that had been issued by the Evesham, New Jersey Police Department in connection with the theft from Jewelry Store 1 on October 28, 2020, as described in paragraph 3, above.  LARBI's black BMW was in the parking lot of the hotel.  Law enforcement seized numerous articles of clothing that LARBI had worn during the jewelry store thefts described above.

10. Following his arrest, defendant LARBI agreed to speak with law enforcement.  During the statement, LARBI admitted to having committed a number of jewelry store thefts pertinent to the instant investigation.  Among other things, LARBI reviewed an image of the theft at Jewelry Store 3 in Haddon Heights on November 5, 2020 described in paragraph 5, above.  LARBI admitted that he had grabbed the box of jewelry out of the employee's hands and had stolen the jewelry without paying for it.  LARBI also admitted, among other things, that every time he stole jewelry, he personally took the stolen jewelry to Philadelphia, Pennsylvania where he sold it.